UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| IRON WORKERS MID-SOUTH PENSION FUND, Derivatively on Behalf of CATERPILLAR INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:13-cv-01104-SLD-JAG |
| DOUGLAS R. OBERHELMAN, et al., | ) ) |
| Defendants, | ) ) |
| and | ) ) |
| CATERPILLAR INC., a Delaware Corporation, | ) ) ) |
| Nominal Defendant. | ) |
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Derivatively on Behalf of CATERPILLAR INC., | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:13-cv-01141-SLD-JAG |
| DOUGLAS R. OBERHELMAN, et al., | ) ) |
| Defendants, | ) ) |
| and | ) ) |
| CATERPILLAR INC., a Delaware Corporation, | ) ) ) |
| Nominal Defendant. | ) |

| | |
|---|---|
| MICHAEL D. WOLIN, Derivatively on Behalf of CATERPILLAR INC., <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS R. OBERHELMAN, et al., <br><br> Defendants, <br><br> and <br><br> CATERPILLAR INC., a Delaware Corporation, <br><br> Nominal Defendant. | Case No. 1:13-cv-01344-SLD-JAG |
| THE ELLEN J. STOKAR IRA, Derivatively on Behalf of CATERPILLAR INC., <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS R. OBERHELMAN, et al., <br><br> Defendants, <br><br> and <br><br> CATERPILLAR INC., a Delaware Corporation, <br><br> Nominal Defendant. | Case No. 1:13-cv-01509-SLD-JAG |

## ORDER

Four shareholders of Nominal Defendant Caterpillar Inc. ("Caterpillar")—Iron Workers Mid-South Pension Fund ("Iron Workers"), City of Sterling Heights General Employees' Retirement System ("Sterling Heights"), Michael D. Wolin ("Wolin"), and the Ellen J. Stokar IRA ("Stokar IRA")—have brought separate derivative actions alleging that Defendants, who

2

are directors and officers of Caterpillar, breached their fiduciary duties and wasted corporate assets.  Because the Court finds that Iron Workers and Sterling Heights have sufficiently pleaded the requisites for diversity jurisdiction, Stokar IRA's Motion to Stay Consolidation of Related Actions Pending Proof of This Court's Jurisdiction Over Certain of the Related Actions, Withdrawal of Intervention, and for Appointment of Lead Counsel, ECF No. 17,[1] is GRANTED IN PART and DENIED IN PART.  Stokar IRA's request for a stay is DENIED.  Stokar IRA's Motion for Leave to File a Reply in Support of its Motion to Stay Consolidation, ECF No. 22, is GRANTED.  Iron Workers', Sterling Heights' and Wolin's joint Motion to Consolidate Related Actions, Appoint Lead Counsel, and Set Briefing Schedule, ECF No. 16, is GRANTED IN PART and DENIED IN PART.  For the following reasons, all four derivative actions are consolidated and all requests for appointment of lead counsel are DENIED without prejudice; establishment of a case schedule is DEFERRED until lead counsel has been appointed.

## BACKGROUND

The plaintiffs in these four actions are Caterpillar shareholders.  Each shareholder initiated its own derivative suit on Caterpillar's behalf against Caterpillar's directors and officers.[2]  The Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Taken together, the four complaints allege that Defendants breached their fiduciary duties, wasted corporate assets, unjustly enriched themselves, and aided and abetted one another in the breaches of their fiduciary duties.  The claims stem from Caterpillar's acquisition of ERA Mining Machinery Limited ("ERA Mining")—which manufactures hydraulic roof supports used in underground

---

[1] Unless otherwise indicated, all docket references in this Order refer to the Sterling Heights case, No. 13-1141.
[2] The four complaints substantially overlap, but exhibit some differences related to the alleged violations and the particular directors and officers sued.  All four plaintiffs claim that Caterpillar's directors breached their fiduciary duties and wasted corporate assets.  Iron Workers, Sterling Heights, and Wolin also allege that Caterpillar's directors unjustly enriched themselves. Am. Compl. ¶¶ 105–08, ECF No. 26. Sterling Heights additionally alleges that Caterpillar's directors aided and abetted one another in the breaches of fiduciary duties.  *Id.* ¶¶ 109–14.  Regarding differences in Defendants, Wolin does not name Eugene Fife, and Stokar IRA does not name Edward Rapp.

coal mining—and its wholly-owned subsidiary, Zhengzhou Siwei Mechanical & Electrical Manufacturing Co., Ltd. ("Siwei"), in June 2012 for $690 million. On January 18, 2013, Caterpillar announced that it would be writing down the value of the goodwill related to its acquisition of ERA Mining and Siwei by $580 million, which was 84% of the price Caterpillar paid for the two companies. Caterpillar claimed the write-down was linked to years of deliberate accounting misconduct that had been concealed at Siwei. Am. Compl. ¶ 2.

Defendant officers and directors allegedly blamed Siwei senior managers for the misconduct and resulting reduction in goodwill value. *See id.* ¶ 3. Plaintiffs allege, however, that Defendants share in the blame, and breached their fiduciary duties to Caterpillar, wasted corporate assets, and were unjustly enriched through "blind reliance" on ERA Mining and Siwei's statements even though Defendants "were alerted to the problems at Siwei during their due diligence process." *Id.* ¶¶ 1, 3.

Iron Workers filed a derivative action on March 6, 2013. Sterling Heights filed the instant suit on March 26, 2013. On May 16, 2013, Iron Workers and Sterling Heights jointly moved to consolidate their two actions and appoint their respective counsel as co-lead counsel. While these motions were pending, on June 4, 2013, Stokar IRA moved to intervene in the Iron Workers case as well as to stay rulings on consolidation and the appointment of lead counsel for at least 60 days to allow it to complete its investigation into wrongdoing by Defendants. Iron Workers and Sterling Heights opposed the intervention on the grounds that they were already adequately representing Caterpillar's interests, and Stokar IRA had no unique interest in the litigation not shared by the other Caterpillar shareholders. Defendants did not object to Stokar IRA's intervention. Wolin filed the third derivative action on August 5, 2013.

4

On October 15, 2013, Iron Workers, Sterling Heights, and Wolin jointly moved to consolidate their three cases and appoint their respective counsel as co-lead counsel. Having completed its investigation of Caterpillar's books and records, Stokar IRA filed its own complaint on October 24, 2013. On November 1, 2013, Stokar IRA moved to stay consolidation with the Iron Workers and Sterling Heights cases, claiming that those Plaintiffs had failed to sufficiently plead the existence of diversity jurisdiction. Mot. Stay Consol. ¶ 5, ECF No. 17. Stokar IRA requested consolidation of its case with the Wolin action alone, and appointment of one of Stokar IRA's counsel as lead or co-lead counsel, and another as liaison or co-liaison counsel. *Id.* ¶¶ 7–8. On March 21, 2014, both Iron Workers and Sterling Heights filed amended complaints wherein they identified and provided the state of citizenship of each of their respective trustees. *E.g.,* Am. Compl. ¶ 11.

## DISCUSSION

Iron Workers and Sterling Heights submitted amended complaints that sufficiently allege that the complete diversity of parties required by 28 U.S.C. § 1332 exists in their respective actions. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 268 (1806). Accordingly, the Court now considers consolidation of the cases and appointment of lead counsel. Although no Plaintiff has requested consolidation with all three other cases, the Court considers *sua sponte* the consolidation of all four overlapping actions. *See Conn. Gen. Life Ins. Co. v. Sun Life Assurance Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000)) (noting that where circumstances are appropriate, a court can consolidate cases "whether or not the parties want the cases consolidated").

I.  **Consolidation**

   A.  **Legal Framework**

Under the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact," the court may consolidate the cases. Fed. R. Civ. P. 42(a)(2). While consolidation is "the best means of avoiding wasteful overlap when related suits are pending in the same court," *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999), the decision whether to consolidate is committed to the Court's discretion, *Disher v. Citigroup Global Markets, Inc.*, 487 F. Supp. 2d 1009, 1013 (S.D. Ill. 2007) (citing *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945)). Courts consider factors such as: the similarity of questions of law and fact, the goals of judicial efficiency and avoidance of inconsistent verdicts, and whether consolidation will delay the proceeding, *Slezak v. Indep. Courier Servs., Inc.*, Nos. 12-cv-1477, 13-cv-1037, 2013 WL 442772, at *1 (C.D. Ill. Feb. 5, 2013), as well as the risk of jury confusion and impact of consolidation on each party's right to receive a fair trial, *Davis v. City of Springfield*, No. 07-3096, 2007 WL 3243053, at *2 (C.D. Ill. Nov. 1. 2007) (holding that risk of prejudice to defendants "tips the balance in favor of separate trials").

   B.  **Analysis**

The four cases at issue here involve common questions of law or fact, as all plaintiffs will seek to establish that substantially the same Caterpillar directors and officers (1) breached their fiduciary duties and (2) wasted corporate assets in the course of Caterpillar's acquisition of ERA Mining and Siwei. Moreover, deciding these issues in one proceeding as opposed to four will conserve judicial resources and avoid the possibility of inconsistent verdicts.

Consolidating these actions is not likely to prejudice any party. Iron Workers, Sterling Heights, and Wolin actively seek to have their cases consolidated, and Defendants have indicated no objection to consolidation. Jt. Mot. Consol. 2, ECF No. 16. This reflects each party's confidence that consolidation would not jeopardize its right to a fair trial. Indeed, the only shade of objection that has been made to consolidation was Stokar IRA's request to stay consolidation with Iron Workers and Sterling Heights pending proof of jurisdiction, based on concern that lack of complete diversity in those two cases would destroy the Court's jurisdiction over all four actions should they be consolidated. Mot. Stay Consol. ¶¶ 3, 6. Because Iron Workers and Sterling Heights have now sufficiently pleaded the requisites for diversity jurisdiction, Stokar IRA's objection is moot.

While Iron Workers and Sterling Heights opposed Stokar IRA's motion to intervene, the new and different considerations presented by consolidation convince the Court that no additional prejudice would accrue to any party by including Stokar IRA among the consolidated cases. First, Iron Workers and Sterling Heights objected to intervention on the bases that (1) the pre-existing plaintiffs already adequately represented Caterpillar and (2) Stokar IRA had no unique interest in the litigation not shared by other Caterpillar shareholders. Iron Workers and Sterling Heights, however, did not claim they or Caterpillar would be prejudiced by Stokar IRA's intervention.[3] Stokar IRA is no longer merely seeking to intervene, but has filed its own complaint; it will thus be litigating on Caterpillar's behalf regardless of whether it does so individually or jointly, or whether Caterpillar's interests are already represented by other shareholders. Additionally, Defendants' express lack of objection to the intervention indicates

---

[3] Iron Workers and Sterling Heights did argue that the other parties could be prejudiced by unnecessary delay resulting from the stay of proceedings Stokar IRA simultaneously requested in its motion to intervene. *See* Case No. 13-cv-1104, Pls.' Mem. in Opp. Mot. Intervene 11–12, ECF No. 23. Stokar IRA's requests for stays are now moot, so this potential source of prejudice no longer exists.

their absence of concern over suffering prejudice as a result of Stokar IRA's presence in the proceedings.

Accordingly, the Court finds that consolidating all four actions is appropriate.

## II.     Appointment of Lead Counsel

### A.     Legal Framework

Federal Rule of Civil Procedure 23.1 requires that a plaintiff in a shareholder derivative suit "fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation." Fed. R. Civ. P. 23.1(a). The Federal Rules, however, are silent on appointment of lead counsel in a shareholder derivative action. When exercising their discretion in this matter of "case management, rather than adjudication," courts: (1) appoint both a lead plaintiff and lead counsel, or (2) appoint a lead counsel only, on the theory that the action is filed on behalf of the company, not a particular plaintiff. *Chester Cnty. Emps.' Ret. Fund v. White*, No. 11 C 8114, 2012 WL 1245724, at *1 (N.D. Ill. Apr. 13, 2012).

The Federal Judiciary Center's Manual for Complex Litigation ("MCL") describes the basic principles guiding designation of particular attorney functions in litigation involving multiple parties:

> The types of appointments and assignments of responsibilities will depend on many factors. The most important is achieving efficiency and economy without jeopardizing fairness to the parties. . . . The functions of lead counsel may be divided among several attorneys, but the number should not be so large as to defeat the purpose of making such appointments.

MCL § 10.221 (4th ed. 2004).

Courts have encountered circumstances where an excess of lead attorneys does, indeed, "defeat the purpose" of appointing lead counsel by threatening efficiency and economy. *See id.* In one case, four shareholder derivative suits—with a motion for class certification pending—

were consolidated into one, with three of the plaintiffs' law firms appointed co-lead counsel. *In re Cont'l Illinois Sec. Litig.,* 572 F. Supp. 931, 932 (N.D. Ill. 1983) ("*Continental Illinois*"). Plaintiffs also had other attorneys representing them and contributing assistance at the direction of lead counsel. The court noted that the central issue in the case, whether defendant directors and officers should have known there was inadequate security to issue loans that later defaulted, was not unusually difficult or complex. *Id.* at 933.

Determining reasonable attorney's fees in the event of plaintiffs' success would be difficult, the *Continental Illinois* Court stated, because "there are more lawyers on the plaintiffs' side of the case than [the court] or anyone else could possibly keep track of." *Id.* at 932. The court sought to avoid the scenario in *In re Fine Paper Antitrust Litig.*, 98 F.R.D. 48 (E.D. Pa. 1983), where distribution of work among various attorneys and firms led to extensive duplication of efforts, performance of unnecessary services, and incursion of unnecessary expenses, with the result that plaintiffs' attorneys eventually sought to claim over 40 percent of a $50,650,000 settlement for legal fees and expenses. Therefore, the *Continental Illinois* Court vacated the designation of counsel, and directed plaintiffs' counsel to confer and submit a roster of attorneys "no larger than necessary to provide effective representation." 572 F. Supp. at 933, 935.

B.  **Analysis**

The joint motion by Iron Workers, Sterling Heights, and Wolin seeks to have appointed as co-lead counsel: Robbins Geller Rudman & Dowd LLP, which currently represents Iron Workers and Sterling Heights; Robbins Arroyo LLP, which represents Iron Workers; and the Law Offices of Bernard M. Gross, P.C., which represents Wolin. Jt. Mot. Consol. 7. Stokar IRA requests that its counsel—Stull, Stull & Brody and Meites Mulder—be appointed as lead or

9

co-lead and liaison or co-liaison counsel, respectively. Mot. Stay Consol. ¶ 8. Each plaintiff presents evidence of its favored law firm's qualifications to conduct this litigation, but no plaintiff argues whether and how its counsel is better qualified than the others to serve the Caterpillar shareholders. Were the Court to follow the parties' wishes, therefore, three to four law firms would serve four plaintiffs as *lead* counsel alone—with the possibility of supporting work by the other law firms of record still unaddressed.

Appointing so many lead counsel may defeat the economy and efficiency goals served by the designation. *See* MCL § 10.221. *Continental Illinois* found the prospect of three lead counsel supervising an undefined group of subordinates to be excessive given the relative lack of substantive difficulty posed by the case. *See* 572 F. Supp. at 932. Similarly, the parties here have not yet addressed, let alone justified, the need for so many lead law firms to conduct this derivative suit, especially given (1) no intimation thus far that the claims at issue—primarily concerning whether and to what extent Defendants were reckless in deciding to acquire ERA Mining and Siwei—are unusually difficult or complicated and (2) the countervailing concerns of duplicative costs and efforts, and needless layers of internal review, that such an assemblage of counsel threatens.

Accordingly, the Court denies each Plaintiff's request for appointment of lead counsel without prejudice. The parties are to confer among themselves and select a single law firm—or at most, two law firms—to serve as lead counsel. The parties are to file notice of any such agreement by April 14, 2014.

## CONCLUSION

Stokar IRA's Motion to Stay Consolidation of Related Actions Pending Proof of This Court's Jurisdiction Over Certain of the Related Actions, Withdrawal of Intervention, and for

Appointment of Lead Counsel, ECF No. 17, is GRANTED IN PART and DENIED IN PART. Stokar IRA's request for a stay is DENIED; Stokar IRA's requests to consolidate only with Wolin's action and for appointment of its counsel as lead and liaison counsel are DENIED. Stokar IRA's Motion for Leave to File a Reply in Support of its Motion to Stay Consolidation, ECF No. 22, is GRANTED.  Iron Workers', Sterling Heights' and Wolin's joint Motion to Consolidate Related Actions, Appoint Lead Counsel, and Set Briefing Schedule, ECF No. 16, is GRANTED IN PART and DENIED IN PART.  By April 14, 2014, the parties are to notify the Court of any agreement upon, at most, two law firms to serve as co-lead counsel subject to the Court's authorization.  The Court DEFERS entering a case scheduling order, including deadline for filing a consolidated complaint, until lead counsel has been appointed.  Additionally:

(1) The following actions are consolidated:

| CASE NAME | CASE NUMBER | FILING DATE |
|---|---|---|
| *Iron Workers Mid-South Pension Fund v. Oberhelman et al.* | 1:13-cv-01104-SLD-JAG | March 6, 2013 |
| *City of Sterling Heights General Employees' Retirement System v. Oberhelman et al.* | 1:13-cv-01141-SLD-JAG | March 26, 2013 |
| *Wolin v. Oberhelman et al.* | 1:13-cv-01344-SLD-JAG | August 5, 2013 |
| *The Ellen J. Stokar IRA v. Oberhelman et al.* | 1:13-cv-01509-SLD-JAG | October 24, 2013 |

(2) Every pleading filed in these consolidated actions, or any separate action included herein, shall bear the following caption:

11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| IN RE CATERPILLAR INC. SHAREHOLDER DERIVATIVE LITIGATION | ) ) ) ) | Master Docket No. 1:13-cv-01104-SLD-JAG |
| This Document Relates To: | ) | |

(3) When a pleading or other court paper filed in the consolidated action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set forth above.  When a pleading or other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable by the name of the plaintiff(s) and the docket number(s).

(4) The files of these consolidated actions shall be maintained in one file under Master Docket No. 1:13-cv-01104-SLD-JEH.

(5) Each case, arising out of the same or substantially the same transactions or events as the consolidated actions, which is subsequently filed in, removed to, or transferred to this Court shall be consolidated for all purposes with these actions if and when it is brought to the Court's attention.

(6) When a case which properly belongs as part of *In re Caterpillar Inc. Shareholder Derivative Litigation*, Master Docket No. 1:13-cv-01104-SLD-JEH, is hereafter filed in this Court or transferred here from another court, the Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing or transfer of any case which might properly be consolidated as part of *In re Caterpillar Inc. Shareholder Derivative Litigation*,

Master Docket No. 1:13-cv-01104-SLD-JEH.  Counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

Entered this 31st day of March, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
